IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Robert J. Tretola, | ) | C/A NO. 0:06-590-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Ronald Singer, Christopher Cozad, | ) | |
| SouthCross Surgery Center, LLC, | ) | |
| SouthCross Management Group, LLC, | ) | |
| SouthCross Development Co., LLC, | ) | |
| Kevin A. O'Brien, Esquire, Alston & Bird, LLP, | ) | |
| Marguerite S. Willis, | ) | |
| Nexsen Pruet Adams Kleemeier, LLC, | ) | |
| Scott C. Nehrbass, Esquire, | ) | |
| Shook Hardy & Bacon, LLP, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Defendants' Motions to Dismiss filed April 28, 2006, and May 29, 2006. Plaintiff originally filed this action *pro se*, alleging state and federal causes of action. On May 11, 2006, Plaintiff moved for summary judgment on his claims of breach of contract and violations of "securities laws." Plaintiff's Motion for Summary Judgment at 1 (Dkt. #45, filed May 11, 2006).

On April 28, 2006, Defendants Marguerite Willis (Willis) and Nexsen Pruet Adams Kleemeier, LLC, (Nexsen Pruet) filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). On May 29, 2006, the remaining Defendants filed a motion to dismiss on these same grounds. Plaintiff, still proceeding *pro se*, responded in opposition to both motions.

On September 19, 2006, Hammond A. Beale, Esquire, appeared in this action on behalf of Plaintiff. On September 21, 2006, Beale moved this court to stay its decision on any pending motions for fifteen days to allow him an opportunity to familiarize himself with Plaintiff's file. On October 5, 2006, Defendants Willis and Nexsen Pruet indicated that they had no objection to this extension.

On October 10, 2006, this court received electronic mail (e-mail) correspondence from Plaintiff's counsel.[1] This e-mail indicated that Plaintiff has consented to the dismissal of his claims against attorneys Willis, Kevin O'Brien, and Scott C. Nehrbass, and law firms Nexsen Pruet, Alston & Bird, LLP, and Shook, Hardy & Bacon, LLP. In this same e-mail, Plaintiff's counsel indicates that Plaintiff is awaiting the court's decision on the motion to dismiss on behalf of the other Defendants.

## DISCUSSION

The "well-pleaded complaint rule" ordinarily directs courts to look no further than the plaintiff's complaint in determining whether a lawsuit raises issues capable of creating jurisdiction. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). *Pro se* complaints are, however, held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n.7 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dept. of Social Svcs.*, 901 F.2d 387 (4th Cir. 1990).

---

[1]This e-mail was served on all counsel for Defendants.

A motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the fundamental question of whether a court has the authority to adjudicate the matter before it. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *See Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). A motion to dismiss should be granted only when it appears that plaintiff can prove no set of facts that would entitle plaintiff to relief on that claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In considering a motion to dismiss, the court must accept as true all well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff. *See Jenkins v. McKeithan*, 395 U.S. 411, 421 (1969); *Edwards*, 178 F.3d at 244. In addition, any inference reasonably drawn from the complaint must be considered together with plaintiff's allegations of fact. *Murray v. City of Milford,* 380 F.2d 468, 470 (2d Cir. 1967). However, the court may not consider conclusions of law or unwarranted deductions of fact. *Mylan Laboratories, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1059 (D. Md. 1991). It is also well-settled that a complaint cannot be amended by plaintiff's briefs in opposition to a motion to dismiss. *Id.* at 1068.

These two types of motions are sometimes confused. *Montana-Dakota Utils. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 249 (1951) ("As frequently happens when jurisdiction

depends on subject matter, the question whether jurisdiction exists has been confused with the question whether the complaint states a cause of action."). "When a defendant moves for dismissal both on lack of subject matter jurisdiction grounds, Fed. R. Civ. P. 12(b)(1), and for failure to state a claim, Fed. R. Civ. P. 12(b)(6), 'the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case.'" *Plumer v. State of Md.*, 915 F.2d 927, 932 n.5 (4th Cir. 1990) (quoting *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1347 (5th Cir.1985)). *See also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) ("[W]here the jurisdictional facts are intertwined with the facts central to the merits of the dispute, . . . the entire factual dispute is appropriately resolved only by a proceeding on the merits.").

**Subject Matter Jurisdiction:** This court is a court of limited jurisdiction. To adjudicate claims brought before it, this court must have both a constitutional and statutory grant of authority to exercise jurisdiction over the matter in question. *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2003). Indeed, there is a presumption against federal court jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Plaintiff's complaint asserts that this court's jurisdiction over a previous case in which he was a defendant supports this court's ability to hear the current matter. *See* Exhibits to Complaint at 1 (Dkt. #1, filed Feb. 27, 2006). However, the jurisdiction over that case is a separate matter from the court's jurisdictional power to hear the current case. To proceed, this court must have either diversity or federal question jurisdiction over this matter.

**Diversity Jurisdiction:** There is not complete diversity of citizenship in this matter as is required by 28 U.S.C. § 1332. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Several of the

remaining defendants are South Carolina citizens. Christopher Cozad resides in Fort Mill, South Carolina, and the remaining Defendant corporations are South Carolina citizens because they were incorporated in South Carolina. 28 U.S.C. § 1332(c)(1). Accordingly, this court lacks diversity jurisdiction over Plaintiff's complaint.

**Federal Question Jurisdiction:** To proceed with his complaint, therefore, the court's jurisdictional authority must arise under 28 U.S.C. § 1331.[2] Plaintiff contends that the "Founder's Loan" which he provided to Defendants Singer and Cozad was an investment contract, and therefore a security, and that Defendants violated Section 5 of the 1933 Securities Act (the Act) by, *inter alia*, failing to provide him with a prospectus. Exhibits to Complaint at 5 (Dkt. #1, filed Feb. 27, 2006). Defendants argue that this single reference to the Act is insufficient to confer jurisdiction in this court and that the "Founder's Loan" was not a security.

This court has the statutory authority to hear cases asserting alleged violations of federal securities laws. *See*, *e.g.* 15 U.S.C. § 77*l*. Therefore, this court finds that it has federal question subject matter jurisdiction.

**Dismissal for Failure to State a Claim:** Plaintiff's *pro se* complaint is vague in its reference to an alleged violation of "Section 5" of the Act. Plaintiff's *pro se* status when the complaint was filed requires this court to afford Plaintiff a liberal evaluation of his allegations. Therefore, the court determines that dismissal at this point would be premature.[3] However, by

---

[2]There are other statutory bases for this court to exercise federal question jurisdiction; however, these are inapplicable in this case.

[3]Whether the "Founder's Loan" in question was a security, which may have required the Defendants' compliance with federal securities laws and regulations, is a fact-specific legal question which should not be resolved on a 12(b)(6) motion. *See*, *e.g.*, *Robinson v. Glynn*, 349 F.3d 166, 170 (4th Cir. 2003) (applying "economic reality test" to facts of case in determining whether an

**Friday, November 3, 2006**, Plaintiff shall file an amended complaint which provides sufficient indicia of the specific federal statutory authority which will allow Plaintiff to continue with this matter.[4] *See Weller*, *supra*, 901 F.2d at 391 ("Federal jurisdiction may not be premised on the mere citation of federal statutes."). If such an amendment is filed, Defendants shall have the opportunity, if appropriate, to respond to the amended complaint with a 12(b)(6) motion. If no amendment is filed, the court shall *sua sponte* dismiss this matter.

Plaintiff's motion for summary judgment (Dkt. #45) is denied without prejudice at this time. Plaintiff's motion for an extension of time (Dkt. #65) is **granted**. Defendants Willis and Nexsen Pruet are dismissed from this action **with prejudice**.[5] Defendants Kevin A. O'Brien, Esquire; Alston & Bird, LLP; Scott C. Nehrbass, Esquire; and Shook Hardy & Bacon, LLP, are dismissed from this action **with prejudice**. The remaining Defendants' motion to dismiss is **denied without prejudice**. Plaintiff shall file an amended complaint by **Friday, November 3, 2006**, in compliance with the above directive.

**IT IS SO ORDERED.**

                                             s/ Cameron McGowan Currie
                                             CAMERON McGOWAN CURRIE
                                             UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 19, 2006
C:\temp\notesB0AA3C\06-590 Tretola v. Singer e den 12(b)(1) and 12(b)(6) motion.wpd

---

investment contract was a security).

[4]If such original jurisdiction is pled, Plaintiff may, of course, also plead any state causes of action he might allege pursuant to the court's supplemental jurisdiction under 28 U.S.C. § 1367 which are not foreclosed by the state court's decision in *Tretola v. Singer, et al.*, South Carolina Court of Common Pleas No. 03-CP-29-246.

[5]This dismissal effectively terminates the motion to dismiss filed April 28, 2006 (Dkt. #26).